## JOHN SHUSTER

*v.*

### VENTNOR GARDENS, INCORPORATED, et al.

[Decided May 14th, 1928.]

1. It is repugnant to the well-settled judicial policy of this state to permit the continuance in control, directly or indirectly, of directors or officers of a corporation against whom is made out a *prima facie* case of malfeasance in office, or who appear under the proofs to have been unfaithful to their trust.

2. The power of the court of chancery to appoint a permanent receiver to take charge of the affairs of the corporation in this case, where the directors and officers of the defendant corporation permitted the wrongful abstraction of funds for the purpose of paying the debts of other corporations created by P., who organized the defendant corporation, cannot be successfully challenged.

On appeal from an order of the court of chancery advised by Vice-Chancellor Ingersoll.

*Messrs. Cole & Cole,* for the appellants.

*Mr. Emerson L. Richards,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, Shuster, filed his bill in this case for the foreclosure of twenty-two mortgages made by the Ventnor Gardens, Incorporated, each of them being given to secure the sum of $1,500 loaned by him to that corporation and covering the lands hereinafter referred to. In his bill he asked for the appointment of a temporary receiver, and, the defendants consenting, such appointment was made. Subsequently he applied for an order making the receiver per-

manent, and this application was granted. The appeal is from the order appointing the permanent receiver, and is based upon the theory that such appointment was not within the broad equity powers of the court.

The undisputed facts as they appear in the pleadings and proofs are as follows: Frank J. Pedrick & Son, partners, were widely engaged in a number of real estate development schemes in and around Atlantic City. Among other properties purchased by them for development was a tract of about one hundred and sixty-five acres in the outskirts of the city of Ventnor, and separated from the built-up part of that city by a waterway or thoroughfare. Because of its inaccessibility, and also because a considerable portion of it was marshland, the tract was then of comparatively small value. The Pedricks formulated a plan for the filling in of the thoroughfare and the marshland, thus making it available for business and residential purposes, and as a step in the carrying out of this plan organized the defendant company, the Ventnor Gardens, Incorporated, and conveyed the land in question to it. At the time of the organization of the company the Pedricks subscribed for and acquired ninety per cent. of the stock thereof, and thereafter controlled its operation, although none of the members of the firm became either officers or directors of the corporation. After its organization its officers contracted for the filling in of the land and the thoroughfare, laid out the tract in streets and lots, and sold a large number of these lots to various purchasers upon the installment plan. Until the contemplated improvement is completed the land embraced in this scheme remains to a considerable extent inaccessible, and much of it is of little worth. The work of filling in is not more than fifty per cent. completed. While the work of development was going on, the Pedricks, having become financially embarassed, appointed trustees to carry on their business in the future, and assigned and transferred to them all their property and assets, including their stock in Ventnor Gardens, Incorporated, and these trustees, having without legal right come into possession of over $250,000 belonging to the Ventnor Gardens, Incorporated, with the implied consent of the managers of that corporation, fraud-

ulently misappropriated these moneys to the payment of debts of other corporations organized by the Pedricks and arising out of transactions in which the Ventnor Gardens, Incorporated, had absolutely no interest, without any objection whatever on the part of its officers and directors.

In view of the facts above recited, it seems to us that the power of the court of chancery to appoint a permanent receiver to take charge of the affairs of this corporation cannot be successfully challenged. As was stated by us in the case of *Fitzgerald* v. *State Mutual Building and Loan Association of New Jersey, 74 N. J. Eq. 440,* where a permanent receiver was appointed under somewhat similar circumstances, "it is repugnant to the well-settled judicial policy of this state to permit the continuance in control, directly or indirectly, of directors or officers of a corporation against whom is made out a *prima facie* case of malfeasance in office, or who appear under the proofs to have been unfaithful to their trust."

It would be difficult to describe more accurately the conduct of the officers and directors of the defendant corporation in permitting the wrongful abstraction of its funds for the purpose of paying the debts of the other Pedrick corporations, to the injury of its creditors, and of the purchasers of lots who were induced to buy under the belief that the affairs of the corporation would be honestly conducted, and that the funds received by it would be used in carrying out the proposed development.

For the reason indicated, the order under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ.    12.

*For reversal*—None.